UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

GREGG THOMPSON,                                    Case No.:

                Plaintiff,

                                                   **COMPLAINT IN CIVIL CASE**

   -against-                                        **JURY TRIAL DEMANDED**


THE CITY OF NEW YORK, OFFICER REYNOLDS,
SHIELD NO. 24460 and JOHN DOES 1-4,

                Defendants.

------------------------------------------------------------------X

Plaintiff, GREGG THOMPSON, by his attorneys, ADRIAN A. ELLIS, LLC, alleges as follows:

1. This is a civil rights action brought by plaintiff, GREGG THOMPSON (hereinafter "Plaintiff") for damages pursuant to 42 U.S.C. § 1983. Defendants falsely arrested plaintiff whilst in the confines of his own home and proceeded to have plaintiff booked.

2. The plaintiff now seeks redress against defendants, The City of New York (hereinafter "CITY") and Officer Reynolds, shield no. 24460 and John Does 1-4. These defendants participated or caused for plaintiff to be falsely arrested and booked.


## **JURISDICTION AND VENUE**

3. This action arises under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §§ 1983 and 1988.

4. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343(a)(3-4).

5. The acts complained of occurred in the Eastern District of New York and venue is properly vested in this Court pursuant to 28 U.S.C. § 1391(b).

## **PARTIES**

6. GREGG THOMPSON is a resident of Kings County, City and State of New York.

7. The defendant, CITY is a municipality that is incorporated under the laws of the State of New York and, at all relevant times, it employed the other defendants in this action.

8. Police Officer Reynolds, shield number 24460, (hereinafter "Reynolds") was a police officer employed by the City of New York Police Department to perform duties in the borough of Brooklyn and was, upon information and belief, assigned to the 63rd precinct at 1844 Brooklyn Avenue, Brooklyn, Kings County, New York City.

9. At all relevant times, Reynolds was an officer within the New York City Police Department assigned, upon information and belief, to the 63rd Precinct acting in the capacity of an agent, employee of the defendant City. These actions were within the scope of his employment and as such he was acting under color of State law. Defendant Reynolds is sued in his individual capacity.

10. The defendants, JOHN DOES 1-4, were police officer employed by the New York Police Department ("NYPD") to perform duties in the borough of Brooklyn and upon information and was assigned to the 63rd precinct located at 1844 Brooklyn Ave, Brooklyn, NY 11210. Defendants JOHN DOES 1-4 are being sued herein in their individual and official capacities.

11. At all relevant times and in all their actions, the defendants were acting under color of law and pursuant to their authority as police personnel.

## STATEMENT OF FACTS

12. Plaintiff Thompson was and still is the owner of the property located at 1680 East 51st Street, Brooklyn, New York 11234. (hereinafter "subject premises").

13. On July 9, 2023, at approximately 1:10 p.m., the plaintiff was inside the subject premises when he heard his wife's voice outside seemingly in a verbal altercation. As such, plaintiff went outside to see why his wife was yelling.

14. When plaintiff went outside, he noticed that there were landscaping workers and his wife was indicating to the workers that they were blocking her driveway. Thereby, stopping her from entering her driveway, which she was trying to do. The workers were using profane language to plaintiff's wife and telling her that she's the only one that's complaining. As a result, plaintiff intervened and spoke to one of the workers. Plaintiff expressed to the driver that they should've rang plaintiff's doorbell to inform him that they needed to do work and plaintiff would've let them use his driveway. After this initial conversation one of the landscape workers moved the vehicle.

15. Plaintiff's wife went around the block whilst the landscape driver moved their vehicle. As plaintiff's wife was proceeding to reverse into the driveway of the subject premises, one of the landscape workers began to use profane language and insult plaintiff's wife. Plaintiff Thompson told the worker not to speak to his wife in such manner in which the worker responded by shoving plaintiff. Plaintiff responded by shoving the worker back. One of the landscaper's co-workers then punched plaintiff in his left rib. Plaintiff did not respond to the punch as his daughter attempted to intervene and plaintiff was focused on having his daughter not engage the worker. Plaintiff then heard screams and saw his daughter run away. Plaintiff turned around to see that another co-worker of the

landscapers was chasing plaintiff, his daughter and his wife with a chainsaw, which was turned on. Fearing for his safety, plaintiff and plaintiff's daughter ran into the subject premises. Once inside, he noticed that his wife was left behind. Plaintiff instructed his daughter to call 911 and retrieved his licensed firearm as he feared for his and his wife's safety.

16. With plaintiff's Peace Officer badge in his left hand and his firearm facing down in his right hand, plaintiff went back outside and saw his wife who was surrounded by six to seven of the landscape workers, including the worker that was still wielding the chainsaw towards plaintiff's wife. The chainsaw was still on and functioning. Plaintiff held up his badge and identified himself as a New York City Peace Officer. He instructed the worker who was wielding the chainsaw to drop it or plaintiff would place him under arrest. The worker dropped the chainsaw and ran away. As a result plaintiff went back into his home and secured his firearm. Police officers arrived approximately 10-12 minutes thereafter.

17. Once the police officers arrived, they first spoke with the landscape workers. Shortly after, they spoke with plaintiff. The officers inquired as to the location of plaintiff's firearm, to which plaintiff responded that the firearm has been secured in a safe. Plaintiff also identified himself as a New York City Peace Officer, showed the officers his badge, his New York City Employee ID, his Peace Officer ID, and his Firearm License. The officers stated that they are responding to a call that someone was being menaced and plaintiff informed them that his daughter placed the call. Plaintiff pointed out the chainsaw, which was still on the ground, to the officers and told them that his family was being menaced by the worker who had the chainsaw.

18. Plaintiff was asked by the officers if he identified himself to the workers as a Peace Officer to which he responded that he did. Plaintiff further advised the officers that he has security footage which will show everything leading up to the incident with his badge and firearm. The police officers asked plaintiff to see the video footage, but due to the delay in attempting to retrieve the videos, the police officers didn't see the videos and asked plaintiff for the location of his firearm. Plaintiff walked the officers to his bedroom where he showed them that his firearm was in the safe which required a combination and keys to retrieve it. Plaintiff's firearm was then taken by an officer and Officer Reynolds was instructed by a supervising officer to place plaintiff under arrest.

19. Plaintiff was taken to the 63rd precinct, fingerprinted and photographed then taken to Central Booking.

20. Plaintiff was released on July 10, 2023 at approximately 5:30 p.m., after the Kings County District Attorney's Office declined to prosecute.

21. After plaintiff was released, he learned from his wife that the officers watched the video surveillance footage whilst plaintiff was in transit to the precinct. Despite the officers watching the surveillance footage, plaintiff was still booked and maintained in custody until over 24 hours later.

### FIRST CLAIM FOR RELIEF PURSUANT TO 42 U.S.C §1983
### AGAINST THE CITY OF NEW YORK, OFFICER REYNOLDS and JOHN DOES 1-4
### (False Arrest)

22. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

23. The accusations of wrongful actions leveled against plaintiff were false.

24. The false arrest of plaintiff on July 9, 2024 without probable cause, and other wrongful acts conducted against plaintiff by defendants constituted a violation of plaintiff's rights secured by the Fourth Amendment to the United States Constitution, to be free from unreasonable searches and seizures. Such actions were negligent, reckless, unreasonable and unauthorized, as defendants had a duty to not subject plaintiff to false arrest and summary punishment, but failed to prevent same and breached their duty.

25. As a consequence of defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, plaintiff was deprived of his freedom, and was subjected to great fear and terror and personal humiliation and degradation, and continued to suffer mental and emotional distress as a result of the aforesaid unlawful conduct of defendant Officers.

26. That by reason of the aforesaid, the plaintiff has been damaged in a sum to be determined at trial, he is entitled to an award of punitive damages and attorney's fees are appropriate pursuant to 42 U.S.C. § 1988.

### SECOND CLAIM FOR RELIEF PURSUANT TO 42 U.S.C §1983 & 1985 AGAINST THE CITY OF NEW YORK, OFFICER REYNOLDS and JOHN DOES 1-4
### (Abuse of Process)

27. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

28. The defendants, THE CITY and JOHN DOES 1-4, acting under color of state law, both collectively and individually, have engaged in actions and abuses which have deprived plaintiff of rights, privileges and immunities secured by the United States Constitution, including, but not limited to, rights secured by the Fourth, Fifth, Fourteenth Amendments

and other laws in violation of 42 U.S.C. § 1983, constituting a conspiracy which operated either in design or effect to deprive plaintiff of his freedom.

29. Abuse of process is evidenced by defendants' refusal, delay or intentional, deliberate and/or negligent prolonged detention and investigation (or lack of therein) of the incident surrounding the arrest, detainment, and initiation of criminal process of plaintiff.

30. The defendants had a duty to conduct a prompt, full and fair investigation of the incident surrounding the false arrest, and detention against plaintiff yet the defendants failed to properly review and conduct an investigation of THE CITY in a timely manner for their unjust and unlawful actions.

31. Such actions evidence were done in a manner evidencing malice, gross recklessness, intentional and/or indifference without excuse or justification in violation of 42 U.S.C. § 1983.

32. As a direct and proximate result Plaintiff suffered emotional damage and/or distress, including but not limited to prolonged stress and anxiety, fear, humiliation, and frustration.

33. That by reason of the aforesaid, the plaintiff has been damaged in a sum to be determined at trial, he is entitled to an award of punitive damages and attorney's fees are appropriate pursuant to 42 U.S.C. § 1988.

### THIRD CLAIM FOR RELIEF PURSUANT TO 42 U.S.C §1983
### AGAINST THE CITY OF NEW YORK, OFFICER REYNOLDS and JOHN DOES 1-4
### (Malicious Prosecution)

34. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

35. That plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution pursuant to 42 U.S.C.§ 1983, in that he was maliciously prosecuted by the defendants.

36. That the said malicious prosecution was initiated by the defendants, their agents, servants and employees, without any legal justification and without probable cause in that the defendants caused the commencement and continuation of criminal proceedings against plaintiff, the proceedings terminated in his favor via a declination to prosecute from the Kings County District Attorney's Office. However, the action was commenced and continued intentionally and with malice and with a deliberate indifference to plaintiff's rights.

37. That defendants swore falsely as to the alleged criminal actions of plaintiff and caused his malicious prosecution to be commenced and continued before it terminated in his favor on the false charges.

38. Plaintiff was physically prevented from leaving the custody of defendants, kept there under the supervision and knowledge of the defendants without access to his freedom, family, dignity, medical care, business and/or home.

39. That by reason of the unlawful malicious prosecution, the plaintiff was subjected to pecuniary harms, plaintiff endured great indignities, humiliation, anxiety, he was forced to spend time in jail, and he was subjected to numerous other harms.

40. That all the defendants who knew of the commencement and continuation of the malicious prosecution of plaintiff are liable to the plaintiff via their failure to exercise their affirmative duty to intervene.

41. That by reason of the aforesaid, the plaintiff has been damaged in a sum to be determined at trial, he is entitled to an award of punitive damages and attorney's fees are appropriate pursuant to 42 U.S.C. § 1988.

**FOURTH CLAIM FOR RELIEF PURSUANT TO 42 U.S.C §1983
AGAINST THE CITY OF NEW YORK
(Municipal Liability-Negligent Hiring, Screening, Retention, Supervision
and Training Under The Laws of The State Of New York)**

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

43. The incident on July 9, 2023 where police officer falsely arrest an individual, was and is widespread and tolerated by and known to the CITY.

44. The CITY has consistently failed to discipline, train, and supervise its officers regarding the prosecution, arrest, and when detaining those accused of criminal contempt irrespective of the subject's innocence or guilt pursuant to a policy, practice and/or by refusing to take corrective action against officers.

45. The CITY is aware of police officers' false detainments, arrest, abuse of authority, illegal use of force, summary punishment, and arrest without proper investigation.

46. The above-described policies and customs and failure to train, supervise and discipline clearly illustrates the deliberate indifference on the part of the CITY to the constitutional rights of persons within New York City and were the cause of the violations of plaintiff's rights.

# FIFTH CLAIM FOR RELIEF PURSUANT TO 42 U.S.C §1983
## AGAINST THE CITY OF NEW YORK
### (Negligence)

47. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

48. The plaintiff was under the custody of the New York Police Department, which at all times relevant herein was owned, operated, managed, maintained and controlled by the defendant CITY.

49. By assuming custody, care, and control over the plaintiff, defendant by and through their agents, servants, and employees assumed various duties such as not to subject plaintiff to false arrest, false imprisonment, wrongful institutionalization, excessive force, battery, forced jailing, denial of right to move freely as he wished, prolonged prosecution and summary punishment or otherwise abuse plaintiff.

50. Defendant owed a duty not to subject plaintiff to false arrest, false imprisonment, wrongful institutionalization, excessive force, battery, forced jailing, denial of right to move freely as he wished, prolonged prosecution and summary punishment or otherwise abuse plaintiff

51. Defendant CITY, as the employer of the defendants, JOHN DOES 1-4, is responsible for their wrongdoing under the doctrine of respondeat superior.

52. In the acts complained of herein, each of the defendants acted negligently in that they had a duty to properly investigate, act within the scope of their authority, and not to falsely arrest, falsely imprison, use excessive force or otherwise violate the Constitutional and civil rights of plaintiff, and in that they breached said duty.

53. As a direct and proximate result of this unlawful conduct, plaintiff was caused to sustained the damages hereinbefore alleged.

### SIXTH CLAIM FOR RELIEF PURSUANT TO 42 U.S.C §1983
### AGAINST THE CITY OF NEW YORK
### (New York State Constitutional Violations)

54. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

55. Defendants subjected plaintiff to the foregoing conspiracies, acts, and omissions to act without due process of law, thereby depriving plaintiff of rights, privileges and immunities secured by Article 1, §§1, 6, 8, 9, 11 and 12 of the New York State Constitution, including, without limitation, the following deprivations of his rights, privileges, and immunities:

    a) Plaintiff was deprived of his rights to be free unreasonable seizures of his person; in violation of 12 of the Constitution of the State of New York;

56. As a result of the defendants' conduct, plaintiff suffered a loss of liberty, great emotional injury including mental suffering, humiliation, embarrassment, and was otherwise harmed, damaged, and injured.

57. As a result of the foregoing, plaintiff was seriously injured.

## SEVENTH CLAIM FOR RELIEF PURSUANT TO 42 U.S.C §1983
## AGAINST THE CITY OF NEW YORK
### (Respondeat Superior Liability for State Law Violations)

58. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

59. The conduct of defendants JOHN DOES 1-4, alleged herein, occurred while they were on duty in uniform, and in and during the course and scope of their duties and functions as New York City Department of Police Officers, and while they were acting as agent, officer, servant, and employee of the defendant CITY. The acts and conduct of the defendants were the direct and proximate cause of damage to plaintiff and violated plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York pursuant to the doctrine of respondeat superior.

60. As a result of the foregoing, plaintiff was deprived of liberty, sustained great emotional injuries, and was otherwise harmed, damaged and injured.

61. As a result of the foregoing, plaintiff was seriously injured and that an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

## EIGHTH CLAIM FOR RELIEF PURSUANT TO 42 U.S.C §1983
## AGAINST THE CITY OF NEW YORK
### (Municipal "Monell" Liability)

62. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

63. Defendant CITY'S employee Police Officers have engaged in an illegal pattern and practice of misconduct, so consistent and widespread that it constitutes a custom or usage, of which a supervisor or policymaker must have been aware of.

64. Defendant CITY, its policymakers and supervisors failed to provide adequate training or supervision to their subordinates, to such an extent that is tantamount to the CITY'S deliberate indifference toward the rights of those who may come into contact with defendant CITY'S employees.

65. Defendant CITY'S employees engaged in such egregious and flagrant violations of plaintiff's constitutional rights that the need for enhanced training or supervision is obvious and equates to a display of deliberate indifference by defendant CITY and its policymakers toward the rights of individuals, who may come into contact with defendant CITY'S employees.

66. Defendant CITY'S conduct caused plaintiff to be deprived of his civil rights, as guaranteed by the Constitution of the United States, via the First, Fourth, Fifth, Eighth and Fourteenth Amendments thereto.

67. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## **PRAYERS FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully request judgment against Defendants as follows:

   a) Compensatory damages against all the defendants jointly and severally;

   b) Punitive damages against the individual defendants;

   c) Reasonable attorney's fees and costs pursuant to 28 U.S.C. § 1988; and

d) Such other and further relief as this Court deems just and proper.

Dated: Brooklyn, New York
October 1, 2024

**ADRIAN A. ELLIS, LLC**
*Adrian A. Ellis*
By: Adrian A. Ellis, Esq.
***Attorney for Plaintiff***
26 Court Street, suite 1600
Brooklyn, New York 11242
